UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

AARON KINZER,                          )
                                       )
          Petitioner,                  )
                                       )
v.                                     )     Nos.   2:10-CR-84-JRG-1
                                       )            2:16-CV-220-JRG
UNITED STATES OF AMERICA,              )
                                       )
          Respondent.                  )

## <u>MEMORANDUM OPINION</u>

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255 [Docs. 330].  The United States filed two requests for an extension

[Docs. 331, 332] and a response in opposition on August 30, 2016 [Doc. 333]; the time for

Petitioner to file a reply has lapsed.  E.D. Tenn. L.R. 7.1, 7.2.  For the reasons that follow, the

requests for an extension [Docs. 331, 332] will be **GRANTED nunc pro tunc** and the petition

[Doc. 330] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I.      BACKGROUND

On July 25, 2012, Petitioner pled guilty to conspiring to distribute at least 28 grams of

cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B); conspiring to distribute

at least 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C); and

conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Docs. 232. 233].

Based on three prior felony convictions for possessing marijuana with intent to distribute,

Petitioner was deemed to be a career offender, subject to an increased base offense level and

corresponding Guideline range of 262 to 367 months' imprisonment [Doc. 312 pp. 2–3, 11].  On

March 13, 2014, he received a below-Guidelines term of 188 months' incarceration [Doc. 314].

Petitioner appealed, but the Sixth Circuit dismissed that appeal based on the waiver contained in his plea agreement [*See* Appeal No. 14-5318].  On June 26, 2015, the Supreme Court invalidated the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), for unconstitutional vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Less than a year later, Petitioner filed the instant petition for collateral relief [Doc. 330].

## II.    REQUESTS FOR EXTENSION

In addition to Petitioner's request for collateral relief, the Court is in possession of two requests by the United States for an extension of time to file a response [Docs. 331, 332].  The first requests a fourteen-day extension from July 27, 2016 to August 10, 2016 [Doc. 331], and the second requests a twenty-day extension from August 10, 2016 to August 30, 2016 [Doc. 332].  Both cite the United States' "extremely heavy" *Johnson*-related workload as the impetus for the needed extensions [Docs. 331, 332].  The United States submitted its response in opposition to relief on August 30, 2016 [Doc. 333].  For good cause shown, both requests [Doc. 331, 332] will be **GRANTED nunc pro tunc** as of the date of filing.

## III.    TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered

2

through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). It is yet to be seen whether the same is true of the "new rule" that results from application of *Johnson*'s reasoning in the Guidelines context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court declines to resolve the issue because *Johnson* has no impact here.

## IV.    STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly

3

higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## V. ANALYSIS

Petitioner articulates a singular ground of collateral attack, citing the *Johnson* decision as evidence that he can no longer be categorized as a career offender [Doc. 330 (arguing *Johnson* extends to Section 4B1.2 of the United States Sentencing Guidelines and thus an unspecified number of prior convictions no longer qualify as predicates)]. The claim fails as a matter of law.

### A. Categorization as Career Offender after *Johnson v. United States*

The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates. The Sixth Circuit recently held that the same vagueness analysis renders the Guidelines' parallel residual clause constitutionally infirm. *See Pawlak*, 822 F.3d at 911 (concluding the "rationale in *Johnson* applies equally" to the Guidelines' residual clause definition of crime of violence).

4

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Guidelines Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Doc. 330].

"Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Guidelines Manual §4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2 or as "controlled substance offenses." *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n.1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a

5

defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

A review of Petitioner's PSR reveals that a sufficient number of his prior convictions categorically qualify as predicate offenses independent of the residual clause and, as a result, the Court finds that he has failed to demonstrate an entitlement to collateral relief. All three of Petitioner's prior convictions for possession of marijuana with intent to distribute involved the possession of a controlled substance with intent to distribute and carried a maximum penalty in excess of one year incarceration, *see United States v. Kinzer*, No. 2:10-cr-84, 2014 WL 905847, at *6–7 (E.D. Tenn. Mar. 7, 2014) (explaining two convictions for possession of marijuana with intent to sale constituted "controlled substance offenses"), and, as a result, were properly classified as qualifying predicate convictions under Section 4B1.1(a)(3). *Johnson* is inapposite. *See United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).

To the extent Petitioner argues that the instant convictions for conspiracy to distribute cocaine and marijuana no longer qualify as "controlled substance offenses" capable of supporting the career offender enhancement [Doc. 330 p. 2], that argument fails as well. The United States Sentencing Guidelines make clear that the term "controlled substance offense" includes "the offense of . . . conspiring . . . to commit such [an] offense." U.S. Sentencing Guidelines Manual § 4B1.2, cmt. n. 1. Further, it is well established that "commentary in the . . . manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, the [same]." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Because the commentary to Section 4B1.2 is

6

not inconsistent with any of the above, the Court is bound by the interpretation of Section 4B1.2 set forth therein.

## IV.     CONCLUSION

For the reasons discussed above, the requests for an extension [Docs. 331, 332] will be **GRANTED nunc pro tunc** and the petition for collateral relief [Doc. 330] will be **DENIED** and **DISMISSED WITH PREJUDICE**.   The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.   Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.   *See* Rule 24 of the Federal Rules of Appellate Procedure.   Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.   28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE
