UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  No. 2:10-CR-00084-1-JRG |
| | ) |
| AARON KINZER | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Aaron Kinzer's Motion to Amend and Suppliment [sic] [Doc. 374] and the United States' Response [Doc. 379]. For the reasons herein, the Court will deny Mr. Kinzer's motion.

I. BACKGROUND

In 2012, Mr. Kinzer pleaded guilty to conspiring to distribute at least twenty-eight grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B); conspiring to distribute at least fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C); and conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h) [Plea Agreement, Doc. 232, at 1–2]. At sentencing, his prior felony convictions for controlled-substance offenses made him a career offender under USSG § 4B1.1.[1] [Sixth Circuit Order, Doc. 353, at 1]. With a criminal history category of VI and a total-offense level of thirty-four, he had a guidelines range of 262 to 237 months' imprisonment, [Statement of Reasons at 1 (on file with the Court], but the Court, in response to Mr. Kinzer's motion for a variance, varied downward over the United States' objection and sentenced him to 188 months, [*id.* at 3; J., Doc. 314, at 1].

---

[1] USSG § 4B1.1 increases a defendants offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

In 2016, Mr. Kinzer filed a motion for post-conviction relief under 28 U.S.C. § 2255, [Pet'r's Mot., Doc. 330], and he claimed that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) invalidated his career-offender status under § 4B1.1 and that his instant conspiracy offenses—i.e., the federal conspiracy offenses that subjected him to federal prosecution—do not qualify as controlled-substance offenses under § 4B1.2.[2] The Court denied his § 2255 motion and declined to issue a certificate of appealability, and the Sixth Circuit also later declined to issue a certificate of appealability. [Sixth Circuit Order at 4].

Mr. Kinzer has now filed a motion challenging the Court's judgment under Federal Rule of Civil Procedure 60(b), and that motion in its entirety reads:

> Petitioner requests a reoping [sic] of his § 2255 habeas motion originally filed in 2016 pursuant to Rule 60(b) because when the Court conducted its analysis it used an incorrect legal framework. The use of the incorrect legal framework undermined the fairness and integrity of the proceedings and rendered them defective thereby denying the petitioner a meaningful opportunity to be heard.

[Pet'r's Mot. at 1]. The United States opposes Mr. Kinzer's motion. Having carefully reviewed and considered the parties' arguments, the Court is now prepared to rule on Mr. Kinzer's motion.

## II. LEGAL STANDARD

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment" for six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[2] "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." § 4B1.2(b).

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). Rule 60(b)(1)–(5) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) (footnote omitted).

Rule 60(b)(6), on the other hand, allows a party to seek relief for "any other reason that justifies relief" from the judgment. Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "vests wide discretion in courts," *Buck v. Davis*, 137 S. Ct. 759, 777 (2017), but it is available only in "extraordinary circumstances," *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States,* 340 U.S. 193, 199 (1950)), because of "public policy favoring finality of judgments," *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *see Custis v. United States*, 511 U.S. 485, 497 (1994) (stating that "'inroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice" (quotation omitted)); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 873 (1988) (Rehnquist, C.J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.").

### III. ANALYSIS

The Court begins by noting that Mr. Kinzer does not specify the subsection that he is relying on in pursuing relief under Rule 60(b), but because he claims that the Court "used an incorrect legal framework," the Court can reasonably construe his motion as one that falls under Rule 60(b)(1), which covers mistakes. *See Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 458 (6th Cir. 2008) (observing that the "[plaintiff] does not specify which prong of Rule 60(b) it

3

relies upon in seeking relief" and, in the absence of this specification, selecting "plausible candidates" from Rule 60(b)'s subsections); *Walker v. Sec'y of Health & Hum. Servs.*, 817 F.2d 26, 27 n.2 (6th Cir. 1987) (noting that the defendant did not identify "a particular subsection of Rule 60(b) under which relief is sought" and electing, therefore, to "reasonably . . . construe[]" the defendant's motion as a motion under Rule 60(b)(1) or Rule 60(b)(6)).[3] Rule 60(b)(1) applies only in two circumstances: "(1) when a party has made an excusable mistake or an attorney has acted without authority" or "(2) when the judge has made a *substantive* mistake of law or fact in the final judgment or order." *United States v. Reyes,* 307 F.3d 451, 455 (6th Cir. 2002) (emphasis added) (citing *Cacevic v. City of Hazel Park,* 226 F.3d 483, 490 (6th Cir. 2000))).

Mr. Kinzer does not identify the "incorrect legal framework" that the Court allegedly applied when it ruled on his § 2255 motion, and his failure to identity this alleged incorrect legal framework—and to present any legal argument whatsoever—is fatal to his Rule 60(b)(1) motion. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (quotation omitted)); *see also Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, it has limits. Liberal construction does not require a court to conjure allegations on a litigant's behalf[.]" (internal citation and citations omitted)).

In a previous filing, Mr. Kinzer had asked the Court to "reopen his habeus [sic] motion pursuant to Rule 60(b))" because it had allegedly "used an[] incomplete and incorrect legal

---

[3] The Court declines to view Mr. Kinzer's motion as a Rule 60(b)(6) motion because Rule 60(b)(6) "is limited to 'unusual and extreme situations where principles of equity *mandate* relief." *Stoutamire v. Shoop*, No. 21-3671, 2022 WL 18353979, at *2 (6th Cir. Jan. 24, 2022) (quoting *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007))).

4

framework," citing "a change in 6th Circuit precedent," namely the Sixth Circuit's "decision in *United States v. Havis*," 927 F.3d 382 (6th Cir. 2019). [Doc. 356]. To the extent he relies on *Havis*—in which the Sixth Circuit held that the Sentencing Commission's "use of commentary to add attempt crimes to the definition of 'controlled substance offense' [in § 4B1.2(b)'s main text] deserves no deference," *id.* at 387—to contend he is entitled to relief under Rule 60(b)(1), his contention is a non-starer because, as the United States rightly argues, *Havis* does not apply to cases on collateral review. *See United States v. McKinnie*, 24 F.4th 583, 587 (6th Cir. 2022) ("*Havis* does not apply retroactively[.]"); *Bullard v. United States*, 937 F.3d 654, 657, 661 (6th Cir. 2019) ("[I]f the defendant received his sentence today, he would not be a career offender under the Guidelines. [He] runs into a problem getting to the merits of his argument [under *Havis*]: he is not on direct review. . . . *Havis* provides no relief on collateral review. . . . [The defendant] cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines. Both are best left for direct review."); *see also Alexander v. United States*, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020) ("[O]ur decision in *Havis* is not a new rule of constitutional law that the Supreme Court has made retroactive."); *Tyler v. Cain*, 533 U.S. 656, 663 (2001) (recognizing that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive" (footnote omitted)); *Chapman v. Terris*, No. 19-11247, 2019 WL 5733708, at *2 (E.D. Mich. Nov. 5, 2019) ("[T]he Sixth Circuit's decision in *Havis* is not a Supreme Court case involving a retroactive change in statutory interpretation." (citation omitted)); *Goddard v. United States*, No. 0:19-067-HRW, 2019 WL 3290118, at *3 (E.D. Ky. July 22, 2019) ("[The defendant] relies on the Sixth Circuit's recent en banc decision in *Havis* which is, of course, not a Supreme Court decision.").

Mr. Kinzer's Rule 60(b)(1) motion is, in his words, an attempt on his part to "reop[e]n[] his § 2255 habeas motion," [Pet'r's Mot. at 1], but because he musters no legal argument apart from *Havis*, which cannot avail him on collateral review, to bolster his claim that the Court applied an "incorrect legal framework," he makes no headway in discharging his burden under Rule 60(b)(1). *See Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249, 250 (6th Cir. 2019) (stating that a movant under Rule 60(b), "as the party seeking to set aside a final judgment, b[ears] the heavy burden of showing his entitlement to Rule 60 relief" (citing *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003). Mr. Kinzer's motion [Doc. 374] is therefore **DENIED**.

So ordered.

ENTER:

                                                  s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE